Jones, J.
(dissenting). I would reverse the order of the Appellate Division and remit this case for a new hearing before a trial officer of the New York City Housing Authority.
Appellant, a housing patrolman, was discharged from the New York City Housing Authority Police Force after a hearing before a trial officer. In my view, on the record in tMs case appellant was denied one of the most rudimentary of due process rights — notice of the charges made against him and thus a reasonable opportunity to prepare Ms defense.
It would be charitable to. characterize as imprecise the only notice given appellant in tMs case — the April 12, 1967 letter signed by Joseph Rechetnick, Director of Personnel. The *762 charges and specifications therein set forth included the two charges of which appellant was found guilty:
“ You are charged with incompetency and misconduct as follows: # * *
“ 3. On the dates, times and at the locations listed below, in violation of Bule XVIB3 of the Authority Personnel Bules and Begulations, you entered project apartments although not called or directed there, and not in response to any police assistance.
“ (c) Some time in July, 1965, approximately 8:15 P.M., the apartment of Sonia Alicea 16D, 380 East 143rd Street, Mott Haven Houses.
■ “'(d) Some time in August 1965, approximately 11:00 P.M., the apartment of Carmen' Velez, 18E, 350 East 143rd Street Mott Haven Houses.”
Counsel for appellant served a demand for a bill of particulars on the Authority, but there was never any answer or other response to this demand. There was no greater specificity in the findings made after the hearing by the trial officer in his May 25,1967 decision:
“ I HEBEBY FIND AS FOLLOWS: * # *
“ 2. That the evidence adduced at the hearing substantiated Specifications Nos. 3(c) and 3(d), and I hereby find the employee GUILTY thereof.”
In my opinion the charges were so indefinite as to deprive appellant.of any reasonable opportunity to defend against them. In preparation for the hearing he could not reasonably be expected to account for his presence at ‘ ‘ 8:15 P.M. ’ ’ and ‘ ‘ 11:00 P.M.” on every day of an entire month.* He had no focus on which to reconstruct his own activities on any particular day; he could not consult his own recollection or such meager records *763 as might have been available to know whether he was on duty or what might have occurred. Surely he should not-have been expected to interview and organize witnesses to testify as to his presence and activities for the full months of July and August, and assuredly he could not have been held responsible to subpoena or produce all such witnesses at his hearing. As is conceded, there was no entry in the files of the Housing Authority of any complaints having been made of entry into the apartment of either Sonia Alicea or Carmen Velez; hence discovery of the records of the Housing Authority would have been completely unavailing. Much was made of the “ memo book ” which each employee of the Housing Authority was required to maintain containing the Monthly Tour Schedules of the particular employee and in which entries would be made of actions taken or omitted to be taken while on duty. Here, too, appellant’s “ memo book ” was produced, but it apparently contained no entries as to visits made to the apartments of any tenants during the months of July and August or any other entries relevant to the charges.
In effect, appellant was called on to establish a negative (the most difficult of all propositions) —that he had not visited the apartment of Sonia Alicea on any of the 31 days of July, and that he had not visited the apartment of Carmen Velez on any of the 31 days of August, by the submission of credible evidence in detailed support thereof. When it is realized that no notice whatsoever was taken by the Housing Authority at the time of the alleged visits, that no notice was then given appellant with respect thereto, and that all this alleged activity took place nearly two years prior to the hearing, in my opinion the failure to make the charges more specific constituted a denial of due process of law.
I suggest that a glance cast in the direction of the degree of specificity normally required in civil and criminal litigation will serve to confirm my conclusion. What indictment would withstand a motion to dismiss wherein it was charged that the crime occurred “ Sometime in July, 1965, approximately 8:15 P.M., the apartment of Sonia Alicea, 16D, 380 East 143rd Street, Mott Haven Homes Or what defendant would be forced on to trial in a negligence case where there had been no response to his demand for a bill of particulars and the complaint alleged *764 only that the accident took place ‘‘ Sometime in August, 1965, approximately 11:00 P.M., the apartment of Carmen Velez, 18E, 350 East 143rd Street, Mott Haven Homes ”?
There was here a denial of due process of law which should be remedied by remand for a new hearing, to be held on notice stated with appropriate specificity.
Order modified, etc.

 Indeed the evidence later introduced at the hearing was scarcely more specific. Sonia Alicea testified only that the entry was made at 8:15-8:30 in the evening. “The date exactly I don’t remember, but it was in July.” On cross-examination the witness could not remember what part of July it was, or whether it was the early part or the middle part of that month. She could only recall that, “It was nice; hot; very warm.” Carmen Yelez testified that the entry of her apartment occurred around 11:30 at night, in “The middle of August * * * I think it was a Sunday night”,.while her husband testified that “It was about the end of August.”